**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| CALVIN D. BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Dkt. No.:  17-cv-1122 |
| ) | JURY TRIAL DEMANDED |
| U.S. FARATHANE, LLC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**I.  NATURE OF THE ACTION**

1. This is an action for damages, declaratory, and injunctive relief, both preliminary and permanent, to redress the violation of rights secured under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000(e), *et seq*.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), 42 U.S.C. § 2000(e-5)(f)(3), and 42 U.S.C. § 1988.  Declaratory and injunctive relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.  All of the actions complained of herein occurred in Madison County, Tennessee, within the jurisdiction and venue of this Court.

**II.  PARTIES**

2. The Plaintiff, Calvin D. Burton, is and was at all times relevant to the matters at issue herein an African-American resident of Madison County, Tennessee, and an "employee" of Defendant U.S. Farathane, LLC, as that term is defined under Title VII of the Civil Rights Act of 1964, as amended.

[1]

3.  The Defendant, U.S. Farathane, LLC, is a Delaware corporation licensed and doing business in the State of Tennessee with its principle office located at 2700 High Meadow Cir., in Auburn Hills, Michigan 48326-2796, and was Plaintiff's "employer" as that term is defined under Title VII of the Civil Rights Act of 1964, as amended. The agent for service of process for Defendant U.S. Farathane, LLC, is Anthony Snider, and he may be served with legal process at 24 Bobrick Drive, Jackson, Tennessee 38301-5625.

### III.  EXHAUSTION OF REMEDIES

4.  Prior to instituting this action, Plaintiff Calvin D. Burton timely filed a charge of discrimination with the Equal Employment Opportunity Commission pursuant to § 706(e) of Title VII, 42 U.S.C. § 2000(e-5)(e), and received a right to sue letter within ninety (90) days of filing this lawsuit. A copy of the right to sue letter is attached hereto as an exhibit to this Complaint.

### IV.  FACTS

5.  The Plaintiff, Calvin D. Burton, (hereinafter "Plaintiff") began his employment with the Defendant, U.S. Farathane, LLC, (hereinafter "Defendant") on or about June 21, 2007, in its facility located at 24 Bobrick Drive, in Jackson, Tennessee.

6.  On or about May 4, 2015, Plaintiff was approached in a hostile and aggressive manner by a similarly situated, Caucasian co-worker, Rusty Riley, (hereinafter "Riley"). After approaching Plaintiff, Riley proceeded to shove Plaintiff in the neck and chest area while in the presence of other employees of the Defendant. Plaintiff responded by asking Riley not to touch him in said manner. In response, Riley shoved Plaintiff a second time. Upon information and belief, said altercation was captured on video via the Defendant's surveillance cameras. Plaintiff avers that said assault by Riley was unprovoked by Plaintiff.

7.  Plaintiff and Riley were subsequently separated by Defendant's 3rd Shift

Supervisor, Oscar Baker.  Plaintiff and Riley proceeded to the office, where they spoke with Defendant's 2nd Shift Supervisor, James Lambert, who requested that Plaintiff and Riley prepare handwritten statements detailing the altercation.  Plaintiff avers that while in the office, Riley apologized to him for his hostile and aggressive behavior.

8. On May 5, 2015, the Defendant called Plaintiff and notified him that he was being suspended pending an investigation with regard to the altercation with Riley.  Upon information and belief, the Defendant also suspended Riley as a result of the altercation.

9. On or about May 8, 2015, the Defendant called Plaintiff and notified him that his employment was being terminated as a result of the altercation with Riley.  Upon information and belief, Riley was not terminated by the Defendant, despite being the aggressor and initiator of the altercation, and was allowed to return to work on May 8, 2015.  Upon information and belief, the Defendant replaced Plaintiff with a Caucasian male, Wesley Turpin, following Plaintiff's termination.

10. Plaintiff avers that as a result of the unlawful actions complained of herein by the Defendant, he was singled out by the Defendant, by and through its employees, agents, and officials, because of his race and was treated less favorably than his similarly-situated Caucasian co-workers, with regard to discipline and other aspects of employment.

11. Upon information and belief, the Defendant has a history and culture of unlawfully discriminating against African-Americans and of treating its African-American employees less favorably than its Caucasian counterparts.

## V.  CAUSE(S) OF ACTION

### COUNT I

### TITLE VII

12. Plaintiff incorporates by reference the factual statements contained in the above paragraphs of the Complaint.

13. Plaintiff avers that the above stated acts, done by individuals acting on behalf of the Defendant, discriminated against him on the basis of his race, in violation of his rights under Title VII of the Civil Rights Act of 1964, as amended.

14. Plaintiff further avers that the unlawful employment practices complained of herein were intentional and/or done with reckless indifference to his employment rights secured under Title VII of the Civil Rights Act of 1964, as amended.

## VI.  DAMAGES

15. The unlawful employment practices complained of herein caused Plaintiff to suffer severe emotional distress, humiliation, inconvenience, and embarrassment, and he has had to retain legal counsel to defend and prosecute his rights.

16. As a basis for punitive damages, the unlawful employment practices complained of herein were willful, malicious, intentional, and/or done with reckless indifference to Plaintiff's employment rights protected by Title VII of the Civil Rights Act of 1964, as amended.

## VII.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests of this Court the following relief:

a. That process issue and be served upon the Defendant in accordance with the Federal Rules of Civil Procedure requiring it to answer in the time prescribed by applicable law;

b. That the Court declare the Defendant's practices, as complained of herein, to be in violation of Title VII of the Civil Rights Act of 1964, as amended;

c. That the Court grant Plaintiff any compensatory and/or punitive damages and/or liquidated damages to which he is entitled to under Title VII of the Civil Rights Act of 1964 as a result of the actions complained of herein, including but not limited to damages for severe embarrassment, humiliation, and emotional distress;

d. That the Court Grant Plaintiff his costs incurred herein, including a reasonable attorney's fee pursuant to 42 U.S.C. § 1988;

e. That the Court award Plaintiff such additional relief as the interests of justice may require;

f. That a jury be impaneled to try this cause.

Respectfully submitted,

WEINMAN THOMAS LAW FIRM

/s/ Robert L. Thomas
Robert L. Thomas (#026629)
*Attorney for Plaintiff*
112 South Liberty Street, Suite 321
P.O. Box 266
Jackson, TN 38302
(731) 423-5565
robert@weinmanthomas.com